IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Flordeliza A. Hawkins, | ) | Case No. 8:20-cv-03432-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Court of Common Pleas of Anderson | ) | |
| South Carolina, Suntrust Bank, | ) | |
| Joseph Partain, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of her civil rights in violation of 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On September 29, 2020, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance of service of process. ECF No. 9. Plaintiff filed objections and two supplements.[1] ECF Nos. 9, 16, 17.

---

[1] The Court notes that Plaintiff labeled Docket Entry Number 13 as "Pleading" and Docket Entry Number 16 as "Notice of Rights to File Objection to Report and Recommendation." Docket Entry Number 17 appears to be copies of court documents previously filed with this and other courts. The Court has thoroughly reviewed all of these documents in ruling on this matter.

**LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

As explained in more detail by the Magistrate Judge, Plaintiff's claims arise from a state court foreclosure action. To the extent that Plaintiff is requesting that this Court overrule the state court's decision, the *Rooker-Feldman* doctrine constrains the Court from conducting any such review. The doctrine, precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "[I]f in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual, *Rooker-Feldman* is implicated, [and]

[t]he doctrine applies not only to matters directly addressed by the state court, but also to claims which are inextricably intertwined with state court decisions." *Smalley v. Shapiro & Burson, LLP*, 526 F. Appx. 231, 236 (4th Cir. 2013) (internal quotation marks and citations omitted); *see also Parker v. Spencer*, No. 4:13-cv-00430-RBH, 2015 WL 3870277 (D.S.C. June 23, 2015) (holding that the *Rooker-Feldman* doctrine precluded federal review of a state court judgment of foreclosure).

With respect to any § 1983 claims, Plaintiff has failed to name a Defendant amenable to suit. The Anderson County Court of Common Pleas is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (explaining that neither the state not its agencies is a "person" within § 1983). Further, the Court of Common Pleas and its judges, including the master in equity,[2] are entitled to judicial immunity from suit for money damages. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *Baccus v. Wickensimer*, C/A No. 9:13-cv-1977-DCN-BM, 2013 WL 6019469, at *2–3 (D.S.C. Nov. 13, 2013). There is also no allegation that either Suntrust Bank or Joseph Partain[3] is a state actor as required by § 1983. *See Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Accordingly, any § 1983 claims should be dismissed.[4]

---

[2] In her first supplement, Plaintiff identifies Ellis B. Drew, Jr., as the master in equity for Anderson County and states that he knew that a contract was unenforceable but still issued an order for her eviction. ECF No. 16 at 1. Mr. Drew is not a defendant in this action; however, even if he were, he would be entitled to judicial immunity.

[3] It appears that Mr. Partain is the current owner of the foreclosed upon property.

[4] Throughout her filings, Plaintiff refers to various state and federal laws and constitutional amendments that she contends Defendants have violated; but, except as noted herein, she makes no specific allegations related to most of these laws. Plaintiff

To the extent Plaintiff intends to move for appointment of counsel, this request is denied. *See* ECF No. 16 at 2. There is no constitutional right to appointment of counsel in civil cases. While the court is granted the power to exercise its discretion to appoint counsel for an indigent party in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). As previously noted by the Magistrate Judge, "Plaintiff's pleadings demonstrate he is sufficiently competent to pursue means of assistance with his claim within the prison." ECF No. 7. Thus, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

## CONCLUSION

Based on the foregoing, the Court agrees with the conclusion of the Magistrate Judge.[5] This action is **DISMISSED** without issuance of service of process.[6]

---

does make some allegations pertaining to the Fair Housing Act; however, the Court finds her assertions are insufficient to state a plausible claim upon which relief can be granted. *See Smile v. Legacy Ballantyne, LLC*, No. 3:19-cv-161-FDW-DCK, 2019 WL 1865567, at *5 (W.D.N.C. Apr. 25, 2019) ("Although Plaintiff alleges that that his adult son is disabled, Plaintiff has not asserted that any Defendant acted adversely due to a protected activity. Therefore, the Complaint is insufficient to proceed under § 3617 of the Fair Housing Act.").

[5] The Court specifically declines to consider the Magistrate Judge's recommendation that the Court find this action is duplicative because it is subject to summary dismissal for the other reasons stated above.

[6] The Court finds that Plaintiff cannot cure the deficiencies in her Complaint and allowing Plaintiff to amend her pleadings would be futile. Therefore, the undersigned declines to give Plaintiff an opportunity to amend. *See Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018).

4

IT IS SO ORDERED.

<u>**s/ Donald C. Coggins, Jr.**</u>
United States District Judge

January 27, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5